1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   MARGARITA CARREON,                    No.  2:20-cv-00722-JAM-KJN

10              Plaintiff,

11       v.                              **ORDER GRANTING MOTION TO
                                         TRANSFER VENUE**
12  NEXUS RVS, LLC, a limited
    liability company; and DOES 1
13  through 100, inclusive,

14              Defendants.

15

16      Margarita Carreon ("Plaintiff") filed suit in the Superior

17  Court of Solano County against Nexus RVS, LLC, ("Defendant") for

18  allegedly selling her a faulty vehicle.  Not. of Removal, Exh. A,

19  Compl., ECF No. 1-1.  Soon after, Defendant removed the suit to

20  this Court.  Not. of Removal, ECF No. 1.

21      Defendant now moves to transfer this action to the Northern

22  District of Indiana pursuant to the written warranty from

23  Plaintiff's car purchase.  Mot., ECF No. 4-1, at 2.  Plaintiff

24  Opposes.  Opp'n, ECF No. 5.  For the reasons set forth below, the

25  Court GRANTS Defendant's motion to transfer.[1]

26

_____

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for June 2, 2020.

                                  1

1            I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2         On March 30, 2019, Plaintiff purchased a new Nexus Phantom

3    (the "RV") from Cordelia RV Center in Fairfield, California.

4    Mot. at 2.  Defendant, a limited liability company located and

5    incorporated in Elkhart, Indiana, manufactured the RV and

6    distributed it to Cordelia RV Center.  Id. at 3.

7         Upon purchase of the RV, Defendant provided Plaintiff with a

8    written limited warranty that was effective at the time of sale.

9    Id.  When the RV began to exhibit problems, Plaintiff took it for

10   warranty repairs in California.  Opp'n at 1.  As the problems

11   continued, Plaintiff decided to sue Defendant in California State

12   Court for: (1) breach of implied warranty, (2) breach of express

13   warranty, and (3) violation of the Uniform Commercial Code

14   ("UCC").  Compl. ¶¶ 9-28.

15        After removing the case to this Court, Defendant now seeks

16   to transfer this case pursuant the "Jurisdiction and Applicable

17   Law" clause in the limited warranty.  Mot. at 3.  This clause

18   provides in relevant part:

19       Exclusive Jurisdiction for deciding any claims, demands
         or causes of action for defects or representations of
20       any nature or damages due from such defects of
         representations shall be in the courts in the State of
21       Manufacture and Dealer, Indiana.  The laws applicable
         to any litigation, dispute, mediation, arbitration or
22       any claim whatsoever arising from the sale, purchase,
         or use of the recreational vehicle shall be those of
23       the State of Manufacture and Dealer, Indiana.

24   Mot. at 3.

25                         II.   OPINION

26   A.   Legal Standard

27        Under 28 U.S.C. § 1404(a), a district court may transfer a

28   civil action to another district for the convenience of the
                                   2

1   parties and in the interest of justice.  The district court can

2   transfer the action "to any district where venue is also proper

3   [] or to any other district to which the parties have agreed by

4   contract or stipulation."  Atlantic Marine Const. Co., Inc. v.

5   U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 59

6   (2013).  Normally, the district court must also evaluate both

7   the private interests of the parties and public interest

8   considerations.  Id. at 62.

9     But when the parties have agreed to a valid forum-selection

10   clause, the court should transfer the case to the forum

11   specified in that clause.  Id.  The forum clause should be given

12   "controlling weight" and should only be denied under

13   "extraordinary circumstances."  Id.  The presence of a valid

14   forum-selection clause changes the usual Section 1404(a)

15   analysis in three ways.  First, "the plaintiff's choice of forum

16   merits no weight."  Id. at 63.  Second, the court "should not

17   consider arguments about the parties' private interests."  Id.

18   at 64.  Finally, "when a party bound by forum-selection clause

19   flouts its contractual obligation and files suit in a different

20   forum," the original venue's choice-of-law rules will not

21   transfer to the new venue.  Id.  Plaintiff must therefore either

22   show that the clause is invalid or that "public interest

23   factors" make transfer inappropriate.  Id.

24     B.   Analysis

25     Defendant asks the Court to enforce the forum selection

26   clause by granting the motion to transfer venue to the Northern

27   District of Indiana.  Mot. at 4.  Plaintiff does not dispute the

28   validity of the forum selection clause.  See Opp'n.  Instead,

1   Plaintiff opposes the transfer of venue for the following two

2   reasons: (1) Defendant has failed to show Plaintiff's California

3   statutory rights will be honored in Indiana, and (2) the forum

4   selection clause is unreasonable and unjust because it places an

5   undue burden on third party witnesses.  Opp'n at 2-3.  The Court

6   disagrees with Plaintiff.

7        First, Plaintiff mistakenly relies on state law.  Plaintiff

8   argues that because her claims arise from California statutes,

9   "Defendant bears the burden of showing that these rights can be

10  enforced in the Northern District of Indiana."  Opp'n at 2.

11  Plaintiff relies on a California State Court of Appeals case for

12  this contention.  See Verdugo v. Alliantgroup, L.P., 237 Cal.

13  App. 4th 141, 147 (2015).  But "[f]ederal law governs the

14  validity of a forum selection clause."  TAAG Linhas Aeras de

15  Angola v. Transamerica Airlines, Inc.,915 F.2d 1351, 1353 (9th

16  Cir. 1990); see also O'Keeffe's Inc. v. Access Information

17  Technologies Inc., No. 15-cv-03115-EMC, 2015 WL 6089418, at *4

18  n. 2 (N.D. Cal. Oct. 16, 2015) (declining to apply Verdugo

19  because it "does not purport to apply [Section 1404(a)]").  And

20  in federal law, "forum selection clauses are prima facie valid

21  and should not be set aside unless the party challenging one can

22  'clearly show that enforcement would be unreasonable and

23  unjust.'"  Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407

24  U.S. 1, 15 (1972)).

25       Plaintiff attempts to argue the forum clause is in fact

26  "unreasonable and unjust" because "the majority of the witnesses

27  and other evidence are located in California."  Opp'n at 3.  But

28  Plaintiff misapplies the relevant standards for what is

                                   4

1   "unreasonable and unjust."

2        A forum selection clause is unreasonable and unjust in

3   three situations: (1) where the clause was a result of fraud or

4   overreaching, (2) "if enforcement would contravene a strong

5   public policy of the forum in which suit is brought," and (3) if

6   it is so inconvenient that it deprives a party of their day in

7   court.  Bremen, 407 U.S. at 15-19.  The "party challenging the

8   forum selection clause bears a 'heavy burden' of establishing

9   the existence of one of the aforementioned grounds for rejecting

10  enforcement."  Jones, 211 F.3d at 497.  Plaintiff has not met

11  this heavy burden.

12       Plaintiff does not argue the clause was a result of fraud

13  or overreaching, nor does she argue it would contravene strong

14  public policy of the forum in which it is sought.  See Opp'n.

15  And while she does argue transfer would be inconvenient, she

16  does not show it "will be so gravely difficult and inconvenient

17  that [she] will for all practical purposes be deprived of [her]

18  day in court."  Bremen, 407 U.S. at 18.  The inconveniences

19  Plaintiff may suffer were "clearly foreseeably at the time of

20  contracting."  Id.  Because Plaintiff has not shown the forum

21  clause is unreasonable or unjust, the clause should control.

22  Id. at 15.  Accordingly, Defendant's motion for transfer of

23  venue is GRANTED.

24                        III.   ORDER

25       For the reasons set forth above, the Court GRANTS

26  Defendant's Motion to Transfer Venue.

27       As a final matter, Defendant's reply brief is seven pages

28  over the Court's page limit.  See Reply.  On April 8, 2020, the

5

1  Court issued its Order re Filing Requirements limiting reply

2  memoranda, for motions other than those under Federal Rule of

3  Civil Procedure 56 and 65, to five pages.  Order RE Filing Req.

4  ("Order"), ECF No. 2-2, at 1.  As stated in the Order, the Court

5  does "not consider any arguments made past the page limit."

6  Order at 1.  Moreover, page limit violations result in monetary

7  sanctions against counsel in the amount of $50.00 per page.  Id.

8  Defendant's counsel must therefore send a check payable to the

9  Clerk for the Eastern District of California for $350.00 no

10  later than seven days from the date of this order.

11      IT IS SO ORDERED.

12  Dated: July 17, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6